**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOHN HOLSEN MILLER,                      Case No. 1:24-cv-98

    Plaintiff,                                      Barrett, J.
                                                        Bowman, M.J.

    v.

GEORGE HUDSON,

    Defendant.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff John Holsen Miller has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

    **I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as factually and legally frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal

interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. A complaint is factually frivolous when it contains "fanciful factual allegation[s]." *Neitzke*, 490 U.S. at 325. In other words, an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept

2

all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

**II. Analysis**

The undersigned concludes that Plaintiff's complaint contains nothing more than "unadorned, the-defendant-unlawfully-harmed me" allegations and therefore is subject to summary dismissal with prejudice.

Identifying George Hudson as the sole Defendant, Plaintiff's original complaint alleges that Defendant has violated his civil rights "under color of State law." (Doc. 1-1 at 2, PageID 5). A handwritten "Statement of Claim" on the standard form used by pro se litigants states in relevant part:

> Strip of all my right by co workers & co workers Georg[e] Hudson told investigator Erin Gordon from the Ohio Civil Right Commiss[ion] that he doesn't know me that is a huge lies. I start to my job with all my right. When I was fired my right was gone & my reputation was gone & ruin. George Hudson use thousand of lies to beat – one man & to build a evil case against him. The regency manager of Microage Distribution Center. Rosh Bottom from tempe Arizona. He transfer back to Arizona & the co workers turn against me. Rosh Bottom protect me from discrimination. I use to do my job so we I am suing for racket & attemp murder & my identity was stolen. My hand just got broke by 6 individuals in Covington, Ky & the same individua[ls] from Cincinnati Ohio cover that up too. Even with proof I can't use it.

(Doc. 1-1 at 4, PageID 6) (without correction except as noted).

3

Plaintiff also has attached a single-spaced typed sheet with a lengthy series of rambling but clearly related allegations:[1]

> After I was fired no one should be bothering me anymore. Why are you pinning more lies and accusation against me. I was not allow to use my witness. I had chest pains and coworkers turn it into heart burn. No one could sue the company alone. This is why the class action lawsuit was form. I was the only one discriminated against child was pin on me. Bottles was thrown at me. On my way to a temporary job. I move to down town Cincinnati Ohio. And three black guys came to the window restaurant on court st and peeping in the restaurant window for twenty min I had to hide in the bathroom. Everyone know all restaurants closed at eleven pm at night the police was call it was one pm at night. In Melville Ohio four black guys came in our kitchen and punch my friend stomach and put her under the table and came in after me. 911 was call. 911 said they could help you but not him. And I suppose to be living in California. After this I went back to the Cayman Island for one years for my safety. George Hudson told Erin Gordon from the Ohio civil right commission that he does not know me. He work with me every day. He work in receiving department. I work inventory control my job is to monitor every these he do or every product he use. I was banded for signing my name under the freedom of information. Anyone can review the papers but not me. And again I was banded for three days from the casino in Cincinnati someone said I was holding a sign up homeless sign up this is not true. How can coworkers George Hudson sue the company with no discrimination while working there. I got my hand broke because of this crime and discrimination. I living in Covington Ky now however things doesn't move by themself how this discrimination. I move from Cincinnati Ohio. Because of the discrimination and attempted murder. Andrea Hicks was both John Miller and George Hudson attorney. Erin Gordon refuse me to file under racist discrimination. And the supreme court will not help me. While living in Cincinnati downtown. I was told George Hudson is my son and daughter father. George Hudson protent to be me. How can George Hudson can do all these fraud and crimes to me. After I was fired from the company. The individuals from Cincinnati Ohio let George Hudson get away with committed this crime against me and the[n] to my kids. This crime happen in Cincinnati Ohio. And was cover up by individuals doing the dirty work so he doesn't get caught. These individuals did the same thing in Covington Ky. I am represent myself in this lawsuit. One of the reason I was refuse to file under racist is they doesn't want anyone to know I am half black. It is very important to tell the truth. Around seven pm at night in the front of the drop in shelter in Cincinnati Ohio. Two guys start to arguing with me and the security officer stop the argument 1

---

[1] In an attempt to improve the readability of this longer section of allegations, the undersigned has corrected (without expressly noting) multiple spelling and grammatical errors, without other alterations to content.

> 25 23 and my hand was broken 9 18 23 I was fired from the company 1 18 96. This is absolutely against the constitution of the united states I am a united state citizen I start work for the company with no record when I was fired I had no right left and my repetition was ruin.

(Doc. 1-1 at 5, PageID 8).

In the "relief" section of the complaint form, Plaintiff explains he seeks the following relief:

> Pain & suffering for 26 years, punitive damage due to the loss of my rights & defamation. Pain & suffering – violated my civil rights. Pain & suffering from physical harm & mental safety at defamation of character throughout the years & threaten by attemp murder had to flee to the Cayman Island for my safety. This evil behavior contribut to my family issues & divorce.

(Doc. 1-1 at 5, PageID 8). Last, Plaintiff has included an "Amended complaint" that identifies the same lone individual defendant, George Hudson, butt further states Plaintiff's intention to file a "class action lawsuit against Pinnacore [formerly] microage distribution center the company out of tempe Arizona." (Doc. 1-4).

After careful review, the undersigned concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted, considering both the original pleading and his "amended complaint." On the whole, the complaint contains insufficient factual detail from which this Court can discern any conceivable or plausible legal claim against the individual defendant, George Hudson, or against any other potential defendant including Plaintiff's former employer, presumed to be Pinacore. As best the undersigned can determine, Plaintiff seeks to recover for a multitude of perceived wrongs by numerous individuals over several decades, beginning with a termination from his employment in January of 1996.

Apart from issues concerning the timeliness of most claims, Plaintiff's complaint fails to explain in any coherent or discernible manner precisely how Defendant Hudson

5

violated his civil rights or how that individual's actions amount to a violation of 42 U.S.C. § 1983. In addition to the lack of adequate factual content as it pertains to Defendant Hudson, it does not appear that Hudson is a state official who was operating "under color of state law" during the time period in question. Likewise, to the extent that Plaintiff's amended complaint seeks to add Pinacore, that entity appears to have been a private employer and not any type of state agency or affiliate.

In concluding that the instant complaint is subject to summary dismissal as both factually and legally frivolous under *Iqbal*, the undersigned takes judicial notice that the same Plaintiff filed an employment discrimination lawsuit against the same defendant (George Hudson) and his former employer more than two decades ago. *See*, *e.g*., *Miller v. Pinacore, et al*., No. 1:99-cv-981-SAS-JS. In the 1999 lawsuit, this Court dismissed five individual defendants (including Hudson) and stayed the case against Pinacore pending a then-ongoing bankruptcy. Ultimately, the case was administratively closed on August 27, 2003. The records of this Court reflect that Plaintiff Miller filed a second case against Defendant Hudson in 2002, alleging a violation of his civil rights. That case was summarily dismissed on initial screening on October 29, 2002 for lack of subject matter jurisdiction. *See Miller v. Hudson*, No. 1:02-cv-789-SAS-JS.

### III. Conclusion and Recommendation

For the reasons stated, Plaintiff's allegations lack sufficient factual detail to state any plausible claim against the only named Defendant, George Hudson. Because the complaint fails to state a claim upon which relief may be granted, it should be dismissed under 28 U.S.C. §1915(e)(2)(B).

Accordingly, **IT IS RECOMMENDED THAT:**

1. This case be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted;

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis.*

        *s/Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JOHN HOLSEN MILLER, | Case No. 1:24-cv-98 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| GEORGE HUDSON, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).