UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN HOLSEN MILLER,

    Plaintiff,                                  Case No. 1:24-cv-098

          v.                                       Judge Michael R. Barrett

GEORGE HUDSON,

    Defendant.

**ORDER**

This matter is before the Court on the Report and Recommendation ("R&R") filed by the Magistrate Judge on March 13, 2024. (Doc. 4). Proper notice was given to Plaintiff (who proceeds pro se) under 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. P. 72(b), including notice that he may forfeit rights on appeal if he fails to file objections to the R&R in a timely manner. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *see Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).

**Standard**. When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

General objections are insufficient to preserve an issue for review. "A general objection to the entirety of the magistrate[ judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An

1

'objection' that does nothing more than state a disagreement with a magistrate[ judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Renchen v. Comm'r of Soc. Sec.*, No. 1:13-cv-752, 2015 WL 1097349, at *6 (S.D. Ohio Mar. 11, 2015) (plaintiff's objection "is an almost verbatim recitation of the argument presented to and considered by the Magistrate Judge" and therefore need not be reconsidered) (citing *Howard*, 932 F.2d at 508–09).

**Summary of the R&R.** The Magistrate Judge recommends that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[1] and, further, that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any subsequent appeal would not be taken in good faith. As she explains:

> After careful review, the undersigned concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted, considering both the original pleading and his "amended complaint." On the whole, the complaint contains insufficient factual detail from which this Court can discern any conceivable or plausible legal claim against the individual defendant, George Hudson, or against any other potential defendant including Plaintiff's former employer, presumed to be Pinacore. As best the undersigned can determine, Plaintiff seeks to recover for a multitude of perceived wrongs by numerous individuals over several decades, beginning with a termination from his employment in January of 1996.
>
> Apart from issues concerning the timeliness of most claims, Plaintiff's complaint fails to explain in any coherent or discernible manner precisely how Defendant Hudson violated his civil rights or how that individual's actions amount to a violation of 42 U.S.C. § 1983. In addition to the lack of adequate factual content as it pertains to Defendant Hudson, **it does not appear that Hudson is a state official who was operating "under color of state law" during the time period in question**. Likewise, to the extent that Plaintiff's amended complaint seeks to add Pinacore, that entity

---

[1] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that[ ] . . . the action . . . fails to state a claim on which relief may be granted[.]"  28 U.S.C. § 1915(e)(2)(B)(ii).

2

> appears to have been a private employer and not any type of state agency or affiliate.

(Doc. 4 PAGEID 31–32 (emphasis added)).[2]

**Subsequent filings by Plaintiff.**  The day after the Magistrate Judge issued her R&R, Plaintiff filed a document stating that he was "Adding Cincinnati-Ohio Police & 911 in this case" because "The Peoples of Down Town Cincinnati-Ohio. Label Me like A cow." (Doc. 5 PAGEID 35).  The Court does not construe this filing to be in the nature of an objection to the R&R because Plaintiff would not yet have received a copy of it via USPS regular mail delivery.  (*See* Doc. 4 Docket Text "(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 03/13/2024)").  Also, Plaintiff does not reference the R&R.[3]

On April 11, 2024, after the period to object had lapsed, Plaintiff filed a second document captioned, "The Const[it]ution Was Break.  This Support Complaint".  (Doc. 6 PAGEID 37).  The Court will broadly construe this (late) filing as an objection to the R&R.  As such, it will be overruled.

Plaintiff's four-page missive largely repeats the accusations made in his

---

[2] The Magistrate Judge also took judicial notice "that the same Plaintiff filed an employment discrimination lawsuit against the same defendant (George Hudson) and his former employer more than two decades ago.  *See, e.g., Miller v. Pinacore, et al.*, No. 1:99-cv-981-SAS-JS.  In the 1999 lawsuit, this Court dismissed five individual defendants (including Hudson) and stayed the case against Pinacore pending a then-ongoing bankruptcy.  Ultimately, the case was administratively closed on August 27, 2003.  The records of this Court reflect that Plaintiff Miller filed a second case against Defendant Hudson in 2002, alleging a violation of his civil rights.  That case was summarily dismissed on initial screening on October 29, 2002 for lack of subject matter jurisdiction.  *See Miller v. Hudson*, No. 1:02-cv-789-SAS-JS."  (Doc. 4 PAGEID 32).

[3] On the merits, any request by Plaintiff to add the Cincinnati Police Department as a party defendant would necessarily be denied because it is not *sui juris*—that is, an entity capable of being sued.  *See Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) ("We note at the outset that the named defendant in this action, the Police Department of the City of Zanesville, is not a juridical entity subject to suit under Ohio law."); *Lloyd v. City of Streetsboro*, No. 18-3485, 2018 WL 11298664, at *3 (6th Cir. Dec. 20, 2018) ("We have held that, under Ohio law, sheriff's and police departments are not entities capable of being sued under § 1983.").  Ohio law applies, because whether a municipal agency can be sued is determined "by the law of the state where the court is located[.]"  Fed. R. Civ. P. 17(b)(3).

complaint. And nothing within undercuts the Magistrate Judge's well-founded conclusion that Plaintiff has failed to sue a defendant "operating 'under color of state law'[,]" a predicate in civil rights cases. (Doc. 4 PAGEID 32). A private citizen does not become a state actor by lying to the "Government & Authority"[4].

**Conclusion.** The R&R (Doc. 4) of the Magistrate Judge is hereby **ACCEPTED** and **ADOPTED.** Consistent with the recommendations by the Magistrate Judge, Plaintiff's Complaint (Doc. 3) is **DISMISSED with prejudice** (pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1)) because it fails to state a claim upon which relief may be granted. In addition, the Court certifies (pursuant to 28 U.S.C. § 1915(a)(3)) that an appeal of this Order would not be taken in good faith and thus denies Plaintiff leave to appeal *in forma pauperis*. As a non-prisoner, however, Plaintiff remains free to apply to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

IT IS SO ORDERED.

       /s/ *Michael R. Barrett*
      Michael R. Barrett, Judge
      United States District Court

---

[4] (*See* Doc. 6 PAGEID 39).